IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FAHEEM R. HILL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MID ATLANTIC HEALTH CARE LLC | : | NO. 14-4221 |
| MAPLEWOOD MANOR | : | |

MEMORANDUM

KELLY, J.                                                                                                 JULY 25, 2014

      Plaintiff Faheem R. Hill brings this employment discrimination action against Mid Atlantic Health Care LLC and Maplewood Manor. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint without prejudice.

I.     FACTS

      Plaintiff was previously employed by Mid Atlantic Health Care LLC at Maplewood Manor in Philadelphia. He brought this action using the Court's form complaint for employment discrimination. By marking the appropriate locations on the form complaint, plaintiff indicated that the defendants illegally terminated him and failed to stop harassment directed at him. In that regard, he alleges that he was subject to "unlawful harassment" in light of "offensive remarks" about his sexual orientation and because his supervisor called him names and told jokes that he presumably found inappropriate. (Compl. ¶ II.E.) Plaintiff also indicated, by marking the appropriate location on the form complaint, that he was discriminated against based on his national origin, which he did not provide. He attached to his complaint a Notice of Right to Sue Letter from the Philadelphia Commission on Human Relations dated April 11, 2014.

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he plausibility paradigm announced in *Twombly* applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). Accordingly, courts evaluating the viability of a complaint alleging discrimination in employment should "disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements" in determining whether a plaintiff has stated a plausible claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quotations omitted). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally and apply the applicable law even if plaintiff failed to mention it by name. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).

## III. DISCUSSION

Plaintiff indicated by marking the proper location on his form complaint that he seeks to bring claims for employment discrimination under the Pennsylvania Human Relations Act (PHRA), a state statute prohibiting discrimination in employment. If that is the only basis for his

claims, jurisdiction is lacking because plaintiff does not assert any federal claims, *see* 28 U.S.C. § 1331, and it is not clear whether this action is between citizens of different states and concerns an amount in controversy in excess of $75,000, so as to justify diversity jurisdiction.[1] *See* 28 U.S.C. § 1332(a). However, as plaintiff is proceeding *pro se*, the Court must also consider the possibility that he is bringing a claim under Title VII, the federal statute that prohibits discrimination in employment. *See Bangura v. Elwyn, Inc.*, 461 F. App'x 87 (3d Cir. 2012) (per curiam).

Title VII prohibits covered employers from discriminating against their employees based on the employees' "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. Even assuming that plaintiff intended to raise a Title VII claim, his allegations do not state a claim under that statute because Title VII does not prohibit discrimination based on an individual's sexual orientation.[2] *See Prowel v. Wise Business Forms, Inc.*, 579 F.3d 285, 289-90 (3d Cir. 2009). In any event, plaintiff cannot state a claim based on conclusory allegations that he was subject to "offensive remarks," harassed, and called "names." Nor has plaintiff pled any facts that would support a plausible claim that he was discriminated against because of his national origin. Indeed, although plaintiff designated on the form complaint that he was raising claims

---

[1] An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he citizenship of an LLC is determined by the citizenship of its members." *Zanbelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). Here, it appears that plaintiff is a citizen of Pennsylvania. He has sued two entities, one having a Pennsylvania address and the other, an LLC, having an address in Maryland.

[2] The PHRA also does not prohibit discrimination on the basis of sexual orientation. *See Manocchio v. Children's Serv. Cntr. of Wyoming Valley*, Civ. A. No. 06-710, 2007 WL 674590, at *3 n.3 (M.D. Pa. Feb. 28, 2007). However, that does not mean plaintiff is without a cause of action because the City of Philadelphia has enacted the Philadelphia Fair Practices Ordinance, which protects against discrimination based on sexual orientation and provides a cause of action in the Philadelphia Court of Common Pleas. *See* Philadelphia, Pa., Code, ch. 9-1100, § 9-1103 & § 9-1122.

3

based on national origin discrimination, the sparse facts in the complaint refer only to plaintiff's sexual orientation and he asserts in his motion for counsel that his claims concern "wrong[ful] termination illegally [due] to [his] sexual orientation."

As plaintiff has not stated a claim under Title VII, and as there is no apparent basis for jurisdiction over any other claims, the Court will dismiss the complaint. The dismissal is without prejudice to plaintiff refiling his complaint in the Philadelphia Court of Common Pleas. Alternatively, he may file an amended complaint in the event he sought to bring a claim under Title VII based on national origin discrimination. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

## IV.   CONCLUSION

For the foregoing reasons, plaintiff's complaint will be dismissed without prejudice. An appropriate order follows.